Ivan R. Novich (N.J. Bar No. 038311996)
Christie Pazdzierski, Esq. (NJ Bar No. 110522014)
**LITTLER MENDELSON, P.C.**
One Newark Center – 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LISA SPRICKMAN,<br><br>                         Plaintiff,<br><br>vs.<br><br>FLEXSCHOOL, INC.; JACQUELINE BYRNE<br>and JOHN DOES 1-5 and 6-10.<br><br>                         Defendants. | Civil Action No. 2:21-cv-1850<br><br><br>**NOTICE OF REMOVAL**<br><br><br>*Electronically Filed* |

**TO:   THE CLERK AND THE HONORABLE JUDGES
        OF THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY**

Defendants FlexSchool, Inc., and Jacqueline Byrne, by and through their undersigned counsel of record, Littler Mendelson, P.C., file this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the New Jersey Superior Court, Law Division, Union County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and state:

### STATE COURT ACTION

1.      Plaintiff Lisa Sprickman ("Plaintiff") commenced this action on December 18, 2020 by filing a Complaint in the Superior Court of New Jersey, Law Division, Morris County, captioned *Lisa Sprickman v. FlexSchool, et al.*, bearing Docket No. L-004205-20 ("the State Court

Action").  The State Court Action is now pending in that court.  Attached as **Exhibit A** is a copy of Plaintiff's Complaint.

2.    On January 5, 2021, Plaintiff requested that Defendants waive service of the Complaint.

3.    On January 7, 2021, Defendants waived service of the Complaint.   Attached as **Exhibit B** is a copy of the executed waiver of service.

4.    The above documents constitute all "process, pleadings and orders" served upon or sent to Defendants in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

### TIMELINESS OF REMOVAL

5.    This Notice of Removal is timely filed within 30 days of January 5, 2021, the date on which service was effectuated, as required by 28 U.S.C. § 1446(b).

6.    This Notice of Removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

### GROUNDS FOR REMOVAL

7.    Defendants remove this action based on federal question jurisdiction under 28 U.S.C. §1441(a).  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

8.    This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

### FEDERAL QUESTION JURISDICTION

9.    The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may therefore be properly removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446 in that it arises under

federal law and presents a federal question, namely whether Defendants violated the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. *See* Ex. A, at ¶¶50-53.

10.    Additionally, federal courts may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court. *See* 28 U.S.C. §1367(a). Supplemental jurisdiction over Plaintiff's state law claims is proper because Plaintiff's claims for violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq*. are related to Plaintiff's federal claim as it is part of the same case or controversy under Article III of the United States Constitution and because no novel or complex issue of state law predominates. *See* 28 U.S.C. §§ 1441(c) and 1367.

11.    Thus, because the Plaintiff brings an action arising under the laws of the United States, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is therefore removable to this Court pursuant to 28 U.S.C. §1441(a).

## VENUE

12.    The United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiff's State Court Action is currently pending.

13.    This Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 110, 1441(a) and 1446(a).

## NOTICE TO PLAINTIFF

14.    Upon filing of the Notice of Removal, Defendants also gave written notice thereof to counsel for Plaintiff, Lisa Sprickman, Kevin M. Costello, Esq., Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mount Laurel, NJ 08054, pursuant to 28 U.S.C. § 1446(a).

15.    By filing the Notice of Removal, Defendants do not waive any objections as to service, jurisdiction, or venue, or any other defenses available at law, in equity or otherwise.

Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions.

16.     If the Court should be inclined to remand this action, Defendants request that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendants an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

17.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

<b><u>RELIEF REQUESTED</u></b>

18.     Defendants respectfully request that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendants respectfully request that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Union County, to the United States District Court for the District of New Jersey.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants

Dated: February 4, 2021

*/s/ Ivan R. Novich*
Ivan R. Novich

4850-4022-8569.1 101364.1001

# EXHIBIT A

# Costello & Mains, LLC

### Counselors at Law



**Kevin M. Costello◊**
**Deborah L. Mains○**
**Daniel T. Silverman□**
**Drake P. Bearden, Jr. ◊□**

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

o Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars

**Michael J. Reilly +**
**Marisa J. Hermanovich □**
**Jacquelyn R. Matchett □**
**Christopher M. Emrich □**
**Alicia R. Ivory□**
**Miriam S. Edelstein ○□**
**S. Caroline Granato +**

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

January 5, 2021

**VIA U.S.MAIL & EMAIL**
Jacqueline Byrne
c/o Ivan R. Novich, Esq.
Emily F. David, Esq.
Littler
One Newark Center
1085 Raymond Blvd., 8th Floor
Newark, NJ 07102

     **Re:**    **Lisa Sprickman v. FlexSchool, Inc., et al.**
              **Docket No.: UNN-L-4205-20**

To Whom It May Concern:

     Enclosed for service upon you please find the following:  Summons and Complaint; Case Information Statement; track assignment; Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

     Thank you.

               Very truly yours,

               **COSTELLO & MAINS, LLC**

        **By:**    */s/ Miriam S. Edelstein*
               **Miriam S. Edelstein**

MSE/js
Enclosures
cc:    Lisa Sprickman

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

# Costello & Mains, LLC

### Counselors at Law



**Kevin M. Costello◊**
**Deborah L. Mains○**
**Daniel T. Silverman□**
**Drake P. Bearden, Jr. ◊□**

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

o Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars

**Michael J. Reilly +**
**Marisa J. Hermanovich □**
**Jacquelyn R. Matchett □**
**Christopher M. Emrich □**
**Alicia R. Ivory□**
**Miriam S. Edelstein ○□**
**S. Caroline Granato +**

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

January 5, 2021

<u>**VIA U.S.MAIL & EMAIL**</u>
FlexSchool
c/o Ivan R. Novich, Esq.
Emily F. David, Esq.
Littler
One Newark Center
1085 Raymond Blvd., 8th Floor
Newark, NJ 07102

>     Re:    **Lisa Sprickman v. FlexSchool, Inc., et al.**
>            **Docket No.: UNN-L-4205-20**

To Whom It May Concern:

Enclosed for service upon you please find the following:  Summons and Complaint; Case Information Statement; track assignment; Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

Thank you.

Very truly yours,

**COSTELLO & MAINS, LLC**

By:   _/s/ Miriam S. Edelstein_____
        **Miriam S. Edelstein**

MSE/js
Enclosures
cc:    Lisa Sprickman

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| LISA SPRICKMAN,<br><br>                  Plaintiff,<br><br>vs.<br><br>FLEXSCHOOL, INC.; JACQUELINE BYRNE and JOHN DOES 1-5 AND 6-10,<br><br>                 Defendants. | SUPERIOR COURT OF NEW JERSEY UNION COUNTY - LAW DIVISION<br><br>           CIVIL ACTION<br><br>DOCKET NO: UNN-L-4205-20<br><br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: January 5, 2021

**Name of Defendant to be Served:**          **Jacqueline Byrne**

**Address of Defendant to be Served:**     **c/o Ivan R. Novich, Esq.**
**Emily F. David, Esq.**
**Littler**
**One Newark Center**
**1085 Raymond Blvd., 8th Floor**
**Newark, NJ 07102**

**ATLANTIC COUNTY:**                                LAWYER REFERRAL
Deputy Clerk of the Superior Court          (609) 345-3444
Civil Division, Direct Filing                LEGAL SERVICES
1201 Bacharach Blvd., First Fl.           (609) 348-4200
Atlantic City, NJ 08401

**BERGEN COUNTY:**                                  LAWYER REFERRAL
Deputy Clerk of the Superior Court          (201) 488-0044
Civil Division, Room 115                   LEGAL SERVICES
Justice Center, 10 Main St.               (201) 487-2166
Hackensack, NJ 07601

**BURLINGTON COUNTY:**                      LAWYER REFERRAL
Deputy Clerk of the Superior Court          (609) 261-4862
Central Processing Office                  LEGAL SERVICES
Attn: Judicial Intake                       (800) 496-4570
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

**CAMDEN COUNTY:**                                  LAWYER REFERRAL
Deputy Clerk of the Superior Court          (856) 964-4520
Civil Processing Office                    LEGAL SERVICES
Hall of Justice                           (856) 964-2010
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

**CAPE MAY COUNTY:**                          LAWYER REFERRAL
Deputy Clerk of the Superior Court          (609) 463-0313
9 N. Main Street                         LEGAL SERVICES
Cape May Courthouse, NJ 08210        (609) 465-3001

**CUMBERLAND COUNTY:**                     LAWYER REFERRAL
Deputy Clerk of the Superior Court          (856) 692-6207
Civil Case Management Office            LEGAL SERVICES
Broad & Fayette Streets                 (856) 451-0003
P.O. Box 10
Bridgeton, NJ 08302

**ESSEX COUNTY:**                                     LAWYER REFERRAL
Deputy Clerk of the Superior Court          (973) 622-6204
Civil Customer Service                 LEGAL SERVICES
Hall of Records, Room 201             (973) 624-4500
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

**GLOUCESTER COUNTY:**                     LAWYER REFERRAL
Deputy Clerk of the Superior Court          (856) 848-4589
Civil Case Management Office            LEGAL SERVICES
Attn:  Intake                            (856) 848-5360
First Fl. Court House
Woodbury, NJ 08096

**HUDSON COUNTY:**                                 LAWYER REFERRAL
Deputy Clerk of the Superior Court          (201) 798-2727
Superior Court, Civil Records Dept.        LEGAL SERVICES
Brennan Court House – 1st Floor        (201) 792-6363
583 Newark Avenue
Jersey City, NJ 07306

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN  COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC  COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**                                  LAWYER REFERRAL
Deputy Clerk of the Superior Court                 (908) 353-4715
1st Fl., Court House                               LEGAL SERVICES
2 Broad Street                                     (908) 354-4340
Elizabeth, NJ 07207

**WARREN COUNTY:**                                 LAWYER REFERRAL
Deputy Clerk of the Superior Court                 (973) 267-5882
Civil Division Office                              LEGAL SERVICES
Court House                                        (973) 475-2010
413 Second Street
Belvedere, NJ 07823

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| LISA SPRICKMAN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FLEXSCHOOL, INC.; JACQUELINE BYRNE and JOHN DOES 1-5 AND 6-10,<br><br>　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY UNION COUNTY - LAW DIVISION<br><br>　　CIVIL ACTION<br><br>DOCKET NO: UNN-L-4205-20<br><br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

　　　　The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

　　If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

 

 

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: January 5, 2021

**Name of Defendant to be Served:**     **FlexSchool, Inc.**

**Address of Defendant to be Served:**     **c/o Ivan R. Novich, Esq.**
**Emily F. David, Esq.**
**Littler**
**One Newark Center**
**1085 Raymond Blvd., 8th Floor**
**Newark, NJ 07102**

**ATLANTIC COUNTY:**                          LAWYER REFERRAL
Deputy Clerk of the Superior Court            (609) 345-3444
Civil Division, Direct Filing                 LEGAL SERVICES
1201 Bacharach Blvd., First Fl.               (609) 348-4200
Atlantic City, NJ 08401

**BERGEN COUNTY:**                            LAWYER REFERRAL
Deputy Clerk of the Superior Court            (201) 488-0044
Civil Division, Room 115                      LEGAL SERVICES
Justice Center, 10 Main St.                   (201) 487-2166
Hackensack, NJ 07601

**BURLINGTON COUNTY:**                        LAWYER REFERRAL
Deputy Clerk of the Superior Court            (609) 261-4862
Central Processing Office                     LEGAL SERVICES
Attn: Judicial Intake                         (800) 496-4570
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

**CAMDEN COUNTY:**                            LAWYER REFERRAL
Deputy Clerk of the Superior Court            (856) 964-4520
Civil Processing Office                       LEGAL SERVICES
Hall of Justice                               (856) 964-2010
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

**CAPE MAY COUNTY:**                          LAWYER REFERRAL
Deputy Clerk of the Superior Court            (609) 463-0313
9 N. Main Street                              LEGAL SERVICES
Cape May Courthouse, NJ 08210                 (609) 465-3001

**CUMBERLAND COUNTY:**                        LAWYER REFERRAL
Deputy Clerk of the Superior Court            (856) 692-6207
Civil Case Management Office                  LEGAL SERVICES
Broad & Fayette Streets                       (856) 451-0003
P.O. Box 10
Bridgeton, NJ 08302

**ESSEX COUNTY:**                             LAWYER REFERRAL
Deputy Clerk of the Superior Court            (973) 622-6204
Civil Customer Service                        LEGAL SERVICES
Hall of Records, Room 201                     (973) 624-4500
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

**GLOUCESTER COUNTY:**                        LAWYER REFERRAL
Deputy Clerk of the Superior Court            (856) 848-4589
Civil Case Management Office                  LEGAL SERVICES
Attn:  Intake                                 (856) 848-5360
First Fl. Court House
Woodbury, NJ 08096

**HUDSON COUNTY:**                            LAWYER REFERRAL
Deputy Clerk of the Superior Court            (201) 798-2727
Superior Court, Civil Records Dept.           LEGAL SERVICES
Brennan Court House – 1st Floor               (201) 792-6363
583 Newark Avenue
Jersey City, NJ 07306

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN  COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC  COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**                                       LAWYER REFERRAL
Deputy Clerk of the Superior Court                      (908) 353-4715
1ˢᵗ Fl., Court House                                    LEGAL SERVICES
2 Broad Street                                          (908) 354-4340
Elizabeth, NJ 07207

**WARREN COUNTY:**                                      LAWYER REFERRAL
Deputy Clerk of the Superior Court                      (973) 267-5882
Civil Division Office                                   LEGAL SERVICES
Court House                                             (973) 475-2010
413 Second Street
Belvedere, NJ 07823

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| LISA SPRICKMAN, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | UNION COUNTY - LAW DIVISION |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | DOCKET NO: |
| FLEXSCHOOL, INC.; JACQUELINE | : | |
| BYRNE and JOHN DOES 1-5 | : | |
| AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Lisa Sprickman, residing in the State of New Jersey, by way of Complaint against the defendants, says:

**Preliminary Statement**

This matter is opened to the Court pursuant to the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination, perception of disability discrimination and retaliation as well as the Family Medical Leave Act ("FMLA") alleging interference and retaliation.

**Identification of Parties**

1.      Plaintiff Lisa Sprickman is, at all relevant times herein, a resident of the State of New Jersey and former employee of defendants.

2.      Defendant FlexSchool, Inc. ("FlexSchool") is, at all relevant times herein, a corporation doing business in the State of New Jersey at 34 Russo Place, Berkeley Heights, New Jersey.

3.      Defendant Jacqueline Byrne ("Byrne") is, at all relevant times herein, a resident of the State of New Jersey, the Chief Executive Officer of FlexSchool, and as such acts directly or indirectly in the interest of FlexSchool in relation to its employees, including Plaintiff, and is an individual who interfered with Plaintiff's rights and engaged in reprisal following Plaintiff's exercise of same under the LAD and FMLA.

4.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

5.      Plaintiff worked as a teacher for FlexSchool from in or around September 2015 until her unlawful termination on or about July 31, 2019.

6.      On or about October 10, 2018, Plaintiff sustained back injuries when she was pushed by a student during a FlexSchool camping trip.

7.      Apart from this incident, there were several incidents of FlexSchool students engaging in violent altercations with both other students and teachers, with these incidents increasing in frequency and violence from January through March 2019.

8.      Plaintiff's back pain became increasingly worse during this time period as well, due, in part, from the stress of the work environment and concern that she would become further injured during one of these violent altercations with students.

2

9.      Despite numerous requests by Plaintiff and other teachers for the defendants to address this unsafe situation, the defendants failed to take effective measures to do so.

10.     On or about March 30, 2019, Plaintiff requested a reasonable accommodation to permit her to teach remotely due to her severe back pain and concern regarding further injury.

11.     On or about April 1, 2019, Byrne sent a letter to Plaintiff incorrectly stating as follows: "We received your email on Saturday, March 30, 2019, indicating that you currently have both a medical condition and a stress and anxiety related condition that affect your ability to perform your job as a full-time teacher in Berkeley Heights."

12.     In addition to this statement, Byrne requested that Plaintiff provide two authorizations for the release of medical information as well as a questionnaire to be completed by Plaintiff's mental health care provider.

13.     Byrne's letter further stated that this information was necessary for the defendants to engage in the "interactive process and dialogue" with Plaintiff.

14.     Despite this statement, Byrne rejected Plaintiff's request to work remotely, outright, stating that no full-time teaching positions could be performed remotely, but permitted Plaintiff to work remotely until April 19, 2019.

15.     Byrne further stated that no full-time teaching positions could accommodate "extended sick leave."

16.     Byrne further stated that Plaintiff had already used all of her available sick and personal days and invited her to re-open her previous worker's compensation claim to obtain disability benefits.

17.     Byrne requested that Plaintiff provide all of the requested information by April 18, 2019.

3

18.     On or about April 16, 2019, Plaintiff received a further letter from Byrne requesting the signed medical authorizations referenced in Byrne's April 1, 2019 letter.

19.     At or about this same time, Plaintiff sustained an injury to her coccyx rendering her unable to return to work in-person on April 22, 2019, the date which Byrne had told her she would need to return.

20.     Plaintiff asked Byrne if she, Plaintiff, was eligible for FMLA leave, to which Byrne incorrectly responded that Plaintiff was not eligible.

21.     Notwithstanding this incorrect information regarding her FMLA eligibility, Plaintiff was placed on unpaid leave through July 31, 2019, with a scheduled return-to-work date of August 5, 2019.

22.     Notwithstanding her scheduled return-to-work date, on Saturday, August 3, 2019, Plaintiff received an email from defendants falsely stating that Plaintiff had abandoned her job, and notifying Plaintiff that she had been administratively terminated, effective July 31, 2019.

23.     At all times relevant herein, Plaintiff performed her job up to and above the reasonable expectations of her employer.

24.     Plaintiff was disabled within the meaning of the LAD.

25.     In addition or in the alternative, Plaintiff was perceived as disabled by defendants.

26.     Plaintiff engaged in protected activity under the LAD when she requested reasonable accommodation as provided under the LAD.

27.     Plaintiff further had a serious health condition within the meaning of the FMLA.

28.     At the time of her serious health condition, Plaintiff had been employed by defendants for at least 12 months and had performed at least 1,250 hours of service within the previous 12-month period.

29.     At the time of Plaintiff's serious health condition, defendants were engaged in an industry affecting commerce and employing at least 50 employees within a 75-mile radius of where Plaintiff worked for at least 20 calendar workweeks in the relevant calendar year.

30.     At the time of Plaintiff's serious health condition, Plaintiff was eligible for a total of 12 workweeks of leave and/or intermittent leave.

31.     Defendants were aware of Plaintiff's serious health condition, but failed to provide Plaintiff with the mandated notice of her rights under the FMLA regarding same.

32.     Defendants further interfered with Plaintiff's rights under the FMLA by incorrectly advising Plaintiff that she was not eligible to exercise such rights.

33.     Defendants further interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA-mandated designation notice.

34.     Defendants further interfered with Plaintiff's FMLA rights by firing her to prevent her from exercising her rights under the FMLA.

35.     In addition or in the alternative, a determinative or motivating factor in Plaintiff's termination was retaliation for Plaintiff's attempt to exercise her rights under the FMLA.

36.     In addition or in the alternative, a determinative or motivating factor in Plaintiff's termination was Plaintiff's disability.

37.     In addition or in the alternative, a determinative or motivating factor in Plaintiff's termination was defendants' perception of Plaintiff's disability.

38.     In addition or in the alternative, a determinative or motivating factor in Plaintiff's termination was retaliation for Plaintiff's LAD-protected conduct of requesting a reasonable accommodation for her disability.

39.     Plaintiff's membership in one or more of the protected categories set forth above was a determinative or motivating factor in defendants' decision to terminate Plaintiff.

40.     Because defendants' discriminatory and retaliatory conduct toward Plaintiff was knowing, intentional and purposeful, and because the conduct was undertaken by members of upper management who were willfully indifferent to same, punitive and liquidated damages are warranted.

41.     To the extent there is any "mixed-motive," Plaintiff need only show that a determinative or motivating factor in the conduct directed towards her was because of her membership in one or more of the protected groups set forth above.

42.     As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm, including emotional distress.

## COUNT I

### Discrimination Based on Disability Under the LAD

43.     Plaintiff hereby repeats and realleges paragraphs 1 through 42, as though fully set forth herein.

44.     Plaintiff was subjected to discrimination based on her disability that had an adverse effect on her employment.

WHEREFORE, Plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

45.     Plaintiff hereby repeats and realleges paragraphs 1 through 44, as though fully set forth herein.

46.     For the reasons set forth above, Plaintiff was subjected to adverse employment actions based on defendants' perception that Plaintiff was disabled in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Reprisal Under the LAD

47.     Plaintiff hereby repeats and realleges paragraphs 1 through 46, as though fully set forth herein.

48.     Plaintiff engaged in protected activity under the LAD, in that she made a request for a reasonable accommodation.

49.     As a result of Plaintiff engaging in protected activity, she was subjected to adverse employment actions including termination by the defendants.

WHEREFORE, Plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IV

### Interference Under the FMLA

50.     Plaintiff hereby repeats and realleges paragraphs 1 through 49, as though fully set forth herein.

51.     For the reasons set forth above, defendants interfered with Plaintiff's rights under the FMLA.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Retaliation Under the FMLA

52.     Plaintiff hereby repeats and realleges paragraphs 1 through 51, as though fully set forth herein.

53.     For the reasons set forth above, defendants retaliated against Plaintiff for attempting to exercise her rights under the FMLA by terminating her employment.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VI

### Request for Equitable Relief

54.     Plaintiff hereby repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

55.     Plaintiff requests the following equitable remedies and relief in this matter.

56.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

57.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

58.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

59.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

60.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

61.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

62.    Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**


**By:  /s/Kevin M. Costello_____**
Dated: December 18, 2020                    **Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

**By:  /s/Kevin M. Costello_____**
**Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

**By:  /s/Kevin M. Costello_____**
**Kevin M. Costello**

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned

    matter.

2. I am aware of no other matter currently filed or pending in any court in any

    jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


**By:  /s/Kevin M. Costello_____**
          **Kevin M. Costello**


## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


**By:  /s/Kevin M. Costello_____**
          **Kevin M. Costello**

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-004205-20

**Case Caption:** SPRICKMAN LISA  VS FLEXSCHOOL, INC.

**Case Initiation Date:** 12/18/2020

**Attorney Name:** KEVIN MICHAEL COSTELLO

**Firm Name:** COSTELLO & MAINS, LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : SPRICKMAN, LISA

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: LISA SPRICKMAN?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/18/2020
Dated

/s/ KEVIN MICHAEL COSTELLO
Signed

```
UNION COUNTY SUPERIOR COURT
2 BROAD STREET
CIVIL DIVISION
ELIZABETH        NJ 07207
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 787-1650
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   DECEMBER 18, 2020
                        RE:     SPRICKMAN LISA  VS FLEXSCHOOL, INC.
                        DOCKET: UNN L -004205 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DANIEL R. LINDEMANN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (908) 787-1650 EXT 21493.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                 ATT: KEVIN M. COSTELLO
                                 COSTELLO & MAINS, LLC
                                 18000 HORIZON WAY STE 800
                                 MT LAUREL       NJ 08054-4319

ECOURTS
```

# EXHIBIT B

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| LISA SPRICKMAN, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | UNION COUNTY - LAW DIVISION |
| Plaintiff, | : |  |
|  | : | CIVIL ACTION |
| vs. | : |  |
|  | : |  |
| FLEXSCHOOL, INC.; JACQUELINE | : | DOCKET NO: UNN-L-4205-20 |
| BYRNE and JOHN DOES 1-5 AND 6-10, | : |  |
|  | : | **ACKNOWLEDGEMENT OF SERVICE** |
| Defendants. | : |  |

**TO:  Jacqueline Byrne**
  **c/o Ivan R. Novich, Esq.**
  **Emily F. David, Esq.**
  **Littler**
  **One Newark Center**
  **1085 Raymond Blvd., 8th Floor**
  **Newark, NJ 07102**


  **Service of Complaint and Jury Demand, Summons, Plaintiff's First Set of Interrogatories**

**and Plaintiff's First Request for Production of Documents is hereby acknowledged this** ___7th___

**day of** ___January___**, 2021, by the undersigned, as counsel for Defendants.**



  *s/ Ivan R. Novich*
_____        _____

  Attorney for Defendants            Attorney for Defendants

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| LISA SPRICKMAN, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | UNION COUNTY - LAW DIVISION |
| Plaintiff, | : |  |
|  | : | CIVIL ACTION |
| vs. | : |  |
|  | : |  |
| FLEXSCHOOL, INC.; JACQUELINE | : | DOCKET NO: UNN-L-4205-20 |
| BYRNE and JOHN DOES 1-5 AND 6-10, | : |  |
|  | : | **ACKNOWLEDGEMENT OF SERVICE** |
| Defendants. | : |  |

**TO:    FlexSchool**
**c/o Ivan R. Novich, Esq.**
**Emily F. David, Esq.**
**Littler**
**One Newark Center**
**1085 Raymond Blvd., 8th Floor**
**Newark, NJ 07102**

**Service of Complaint and Jury Demand, Summons, Plaintiff's First Set of Interrogatories**

**and Plaintiff's First Request for Production of Documents is hereby acknowledged this** 7th

**day of** ___January___ **, 2021, by the undersigned, as counsel for Defendants.**


_s/ Ivan R. Novich_
_____          _____

Attorney for Defendants                              Attorney for Defendants